IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Polaris Operating, LLC, et al., | § § | Case No. 23-32810 (CML) |
| | § § | Chapter 11 |
| Debtors. | § § | (Jointly Administered) |

**LIMITED OBJECTION OF CHRISTOPHER T. CZUPPON TO DEBTORS' EMERGENCY MOTION FOR (A) ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES; (II) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) APPROVING STALKING HORSE PROTECTIONS; (IV) SCHEDULING BID DEADLINE, AUCTION DATE, AND SALE HEARING DATE; (V) APPROVING FORM OF NOTICE THEREOF; (B) ENTRY OF AN ORDER AFTER THE SALE HEARING (I) AUTHORIZING THE DEBTORS TO SELL THEIR ASSETS; AND (II) AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANTING RELATED RELIEF**

Christopher T. Czuppon, an equity security holder and party-in-interest in the above captioned cases files this Objection to the *Debtors' Emergency Motion for (A) Entry of an Order (I)Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; (IV) Approving Form of Notice Thereof; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtors to Sell Their Assets; and (II) Authorizing the Debtors to Assume and Assign Certain Executory Contract and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 211] (the "Sale Motion") and respectfully states as follows:

1. Mr. Czuppon serves as the Debtors' Chief Executive Officer, but files this limited objection in his individual capacity and as an equity security holder of the Debtors. The Debtors' proposed bidding procedures requested in the Sale Motion should not be approved as proposed

because they provide inadequate time to market the Debtors' assets.  This case has been pending for less than four months, and a DIP financing facility has only just been approved. Yet, the proposed bidding procedure contemplate a rushed "fire sale" of substantially all of the Debtors' assets during the holiday season.  Under the proposed bidding procedures, bids would be due by December 8, 2023 (less than three weeks from now) and a potential auction held on December 13, 2023 (less than four weeks from now).  Less than three weeks, including the Thanksgiving break, is simply insufficiently time for the Debtors' newly retained investment banker to market the Debtors' assets and for potential bidders to complete their due diligence.  As of the date of the filing of the Sale Motion, the Debtors had not even selected stalking horse bidders for the Masterson Assets (as defined in the Sale Motion) and the WGU Waterflood Assets (as defined in the Sale Motion).  The accelerated timetable will undoubtedly produce under market bids, to the detriment of all stakeholders.

2.     There is no reason for this extremely rushed process.  While the Debtors must raise funds to pay back the DIP loan (to the extent drawn) by January 15, 2024, the current stalking horse bid for the Mesa Vista Assets (as defined in the Sale Motion) is more than sufficient to cover the DIP obligation.  There is no need to expedite the sale process as to the Masterson Assets and WGU Waterflood Assets.  These assets have substantial value and a more robust sale process is needed to garner their fair market value.  Moreover, the Debtors' revenues have been increasing. In September, the Debtors had a net loss of only $70,854 even including interest and reorganization expenses.[1]  Thus, a reorganization, even around just the Masterson assets and the WGU Waterflood Assets, is not out of the question.

---

[1] Debtors' Monthly Operating Report for the period ending September 30, 2023, Docket No. 172, at p. 2.

## CONCLUSION

WHEREFORE, Mr. Czuppon respectfully requests that the Court deny the Sale Motion unless modified consistent with this objection and grant him all such other and further relief to which he is justly entitled.

Dated:  November 21, 2023

                                            Respectfully submitted,

                                            **DYKEMA GOSSETT PLLC**

                                            By: */s/ Basil A. Umari*
                                                  Basil A. Umari
                                                  SDTX Bar No. 30472
                                                  Texas Bar No. 24028174
                                                  bumari@dykema.com
                                                  5 Houston Center
                                                  1401 McKinney St., Suite 1625
                                                  Houston, Texas 77010

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on the parties on all parties who receive notices via Court's electronic filing service on or before the 21st day of November, 2023.

                                                  */s/ Basil A. Umari*
                                                  Basil A. Umari