**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 23-32810 (CML) |
| Polaris Operating, LLC, *et. al.*, | § | |
| | § | |
| *Debtors*. | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered) |

**3CHA OIL AND GAS, LLC'S AND TATCH LLC'S OBJECTION TO
DEBTORS' MOTION TO SELL THE WGU ENERGY EQUITY ASSET [DOC. NO. 383]**

COMES NOW 3CHA Oil and Gas, LLC ("3CHA") and TATCH LLC ("TATCH") (collectively "3CHA/TATCH"), and files this their Objection to the Debtors' Motion *for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Authorizing Transfer(s) Outside the Ordinary Course of Business; (III) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; (IV) Approving Form of Notice Thereof; and (B) Entry of an Order After the Sale Hearing (I) Authorizing and Approving the Debtors to Sell the WGU Energy, LLC Equity Asset; and (II) Granting Related Relief* [Doc. No. 383] (the "Sale Motion") filed by the Debtors. In support of its Objection, 3CHA and TATCH would show the Court as follows:

3CHA/TATCH own a combined total of over fifty percent (50%) of the common shares and preferred shares of the Debtors (Polaris and CCCB Energy Partners, LLC). This Objection is limited to the Debtors' potential auction of the *WGU Energy, LLC Equity Asset,* which is the Debtors' ownership interest in a water flood project in Oklahoma, known as the WGU Waterflood Project *(hereafter, the **WGU Waterflood Assets**)*. *See* Debtors' Mot. [Doc. 383].

Notably, 3CHA/TATCH did not object to the Debtors' auction of their other two "buckets" of assets: the *Mesa Vista Assets* or the *Masterson Assets*. However, the *WGU Waterflood Assets*

are completely unlike the *Mesa Vista* and *Masterson Assets* in at least two important ways. First, Polaris operated the *Mesa Vista* and *Masterson Assets*; whereas, it is a mere **passive investor** in the WGU Waterflood Project (the *WGU Waterflood Assets* is Polaris's investment in this Project). Polaris has a substantial ownership percentage in the WGU Waterflood Project; however, as an investor, **it has no operational role**. Hence, the concerns previously voiced to the Court about Polaris not properly operating the *Mesa Vista* or *Masterson Assets* are of no concern here, because the WGU Waterflood Project is operated by a completely different entity not in bankruptcy.

Second, the *Mesa Vista* and *Masterson Assets* are fully-developed oil and gas interests that Polaris operated for years. The *Mesa Vista* and *Masterson Assets* were mature in terms of their production and, therefore, unlikely to substantially increase in value in the future. Hence, an auction of the *Mesa Vista* and *Masterson Assets* was sensible.

In stark contrast, the *WGU Waterflood Assets* are likely to substantially increase in value over the next 12-18 months. The WGU Waterflood Project is still in the *development* phase. It is 3CHA's and TATCH's understanding that the operators of the Project are optimistic about its prospects over the next 12-18 months, where they expect production to increase (likely substantially). This substantial increase in production would, in turn, substantially increase the value of the *WGU Waterflood Assets* (Polaris's ownership interest in the WGU Waterflood Project). Accordingly, 3CHA/TATCH are concerned that an auction now will generate far less than a disposition later once the Project is more developed.

Given that Debtors have no operational role in the WGU Waterflood Project, Debtors and its creditors have the ability to wait at least another 12 months to afford the Project the time it needs to transition from the development phase to the production phase, at which time the Debtors' interest would be far more valuable than it is now.

Additionally, 3CHA and TATCH hereby adopt the Objection made by Black Oak Partners (filed herein as Document No. 390) in which Black Oak objected to the proposed sale of the *WGU Water Flood Assets* for a different reason. Black Oak's Objection was based on the contract that governs Debtors' interest in the *WGU Water Flood Assets*. That contract contains several provisions that appear to prohibit a transfer of Debtors' interest, which the proposed bankruptcy sale would violate.

Moreover, Black Oak's Objection has severe ramifications for the auction. Black Oak's Objection — which appears to be based on valid contractual provisions that prohibit a bankruptcy sale — is likely to have already chilled the interest of potential purchasers. At minimum, the issues that Black Oak raised will dramatically reduce the amount potential purchasers are willing to bid given that, according to Black Oak, the purchaser's acquisition would be null and void. Obviously, a purchaser is unlikely to bid anywhere close to market value for an interest in an LLC where immediately thereafter, the LLC and its members will have the ability to declare the purchaser's interest null and void — making its purchase worthless.

In sum, the contractual issues regarding a transfer pursuant to a bankruptcy sale, as a practical matter make a sale unwise at this point. Further, as Black Oak points out in its Objection, the Project is still in the *development* phase. It has not yet reached the *production* phase. Obviously, a sale while still in the development phase will yield far less than a sale, perhaps just 12 months from now, when it reaches the production phase. Hence, for the reasons stated in Black Oak's Objection [Doc. 390], and the additional reasons stated herein, 3CHA and TATCH hereby object to the proposed sale [Doc. 383].

Respectfully submitted,

/s/ *Gregory K. Evans*
**Gregory K. Evans**
State Bar No. 24002065
greg@gevanslaw.com
**Law Offices of Gregory K. Evans**
3355 W. Alabama St., Suite 1150
Houston, Texas 77098
Ph:	713.485.4600
Fax:	713.583.5380

Mitchell A. Toups
State Bar No. 20151600
**Weller Green Toups & Terrell LLP**
P.O. Box 350
Beaumont, Texas  77704
(409) 838-0101
Fax:  (409) 832-8577
Email:  matoups@wgttlaw.com

**ATTORNEYS FOR 3CHA OIL AND GAS, LLC AND TATCH LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 15, 2024, the foregoing was served upon all counsel of record via the Court's CM/ECF system.

/s/ *Gregory K. Evans*
Gregory K. Evans